UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-21704-CV-GRAHAM
(13-20314-CR-GRAHAM)

TRAVIS SMITH,

     Movant,

v.

UNITED STATES OF AMERICA,

     Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE

### I.    Introduction

This matter is before the Court on Movant's *pro se* motion to vacate, filed pursuant to 28 U.S.C. § 2255, attacking the constitutionality of his conviction and sentence entered following a guilty plea in Case No. 13-20314-CR-GRAHAM. [CV-ECF No. 1].[1] Movant was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 180 months of imprisonment. [*Id.; see also* CR-ECF No. 42].

This case has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Admin. Order 2019-2; and

---

[1] This Report uses "CR-ECF No. ____" to identify documents contained in the underlying criminal case and "CV-ECF No. ____" to identify documents contained in the instant habeas proceeding.

Rules 8 and 10 Governing Section 2255 Proceedings in the United States District Courts.

The Court has reviewed the motion [CV-ECF No. 1] and all pertinent portions of the underlying criminal record. The Court did not issue an order to show cause to the government because it is apparent the motion to vacate is time-barred. This Report follows.

## II.   Claims

Construing the § 2255 motion liberally as afforded *pro se* litigants, pursuant to *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Movant raises the following claims:

1. A defective indictment failed to allege each material element of the charged offense. [CV-ECF No. 1 at 4].

2. Because the indictment failed to allege an offense against the United States, Movant is factually innocent. [*Id*. at 5].

3. Counsel was ineffective for failing to inform Movant of his Fifth Amendment right to remain silent. [*Id*. at 6]. As a result, Movant's guilty plea was involuntary. [*Id*.].

Movant did not address the timeliness issue in his motion. Nonetheless, for the reasons stated here, the motion is TIME-BARRED and should be DISMISSED.

## III.   Relevant Procedural History

Movant was charged in a one-count Indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and

2

924(e)(1). Movant pled guilty pursuant to a factual proffer where he admitted to being in possession of a loaded Glock Model 19, nine-millimeter, semi-automatic pistol and that he had been previously convicted of four prior state convictions, which were felony narcotics violations. [CR-ECF No. 26]. Movant confirmed his understanding of the change of plea proceedings and admitted that the factual proffer accurately described his conduct. [*Id*. at 2]. Movant expressed satisfaction with his counsel and denied that he was forced to plead guilty. [*Id*. at 5, 11]. Movant was advised that the mandatory minimum sentence was fifteen years in prison. [*Id*. at 12]. Movant pled guilty; and the court determined that his plea was knowing and voluntary. [*Id*.].

In objections to the presentence report, counsel argued, in part, that Movant had the right to have every fact essential to his sentence charged by indictment and proven to a jury beyond a reasonable doubt, specifically, the mandatory minimum and maximum sentences to which he was exposed, and which specific convictions constituted the four prior felony narcotics convictions. [CR-ECF No. 37]. Counsel made the same arguments at the sentencing hearing. [CR-ECF No. 54]. The court overruled the objections and sentenced Movant to the mandatory minimum sentence of 180 months. [*Id*. at 26-27; CR-ECF No. 42]. Movant appealed.

On appeal, Movant made a similar argument to the one he raises as here as Claim 1. Movant argued his prior convictions were not alleged in his indictment or

specifically admitted by him, in violation of his Fifth and Sixth Amendment rights. *United States v. Smith*, 775 F.3d 1262, 1265 (11th Cir. 2014). He also claimed his Florida drug crimes did not qualify for the sentencing enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(A). *Id.* Citing to *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998), the Eleventh Circuit found that "the Constitution does not require that [t]he government . . . allege in its indictment and . . . prove beyond a reasonable doubt that [Smith] had prior convictions for a district court to use those convictions for purposes of enhancing a sentence. *Smith*, 775 F.3d at 1266 (internal citations and quotations omitted). *Almendarez-Torres* is binding precedent until the Supreme Court overrules that decision. *Id.; see also United States v. Hernandez-Abraham*, 550 F. App'x 849 (11th Cir. 2013). Movant further appealed to the Supreme Court of the United States, which denied certiorari on June 8, 2015. *Smith v. United States*, 135 S. Ct. 2827 (2015).

Accordingly, Movant's conviction became final on **June 8, 2015**. He had one year, until **June 8, 2016**, to file a motion pursuant to 28 U.S.C. § 2255.

*Nearly four years later*, on or about **March 13, 2019**, Movant filed a motion to reduce his sentence asking the court to apply the provisions of the First Step Act to review his case and the prior convictions used to enhance his sentence. [CR-ECF No. 60]. On September 13, 2019, the court denied Movant's motion for several

reasons. [ECF No. 67 at 2]. The court noted that constitutional challenges must be asserted within a § 2255 motion and not a motion to reduce sentence. [*Id*.].

Still, Movant waited another seven months before filing the instant motion to vacate on **April 20, 2020**. [CV-ECF No. 1].

## IV.    Standard of Review of Section 2255 Motions

Section 2255 states in relevant part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution...may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255. Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225 (11th Cir. 2004) (citations omitted).

If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or presentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255. To obtain this relief on collateral review, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment). Under § 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

## V.    Discussion – Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA") created a limitation for a motion to vacate. Pursuant to 28 U.S.C. § 2255(f), a one-year period of limitations applies to a motion under the section. The one-year period runs from the latest of:

> (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;

6

(3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f)(1)-(4). "Typically, the applicable triggering date is 'the date on which the judgment of conviction becomes final.'" *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017) (*en banc*), cert. denied, No. 18-6385, 2019 WL 659904 (2019) (quoting *Drury v. United States,* 507 F.3d 1295, 1296 (11th Cir. 2007); § 2255(f)(1)).

### A. Section 2255(f)(1)

As discussed above, Movant's conviction became final on **June 8, 2015**, when the Supreme Court denied certiorari. *Smith*, 135 S. Ct. 2827. Movant had one year from the time his conviction became final within which to timely file this initial collateral proceeding. Movant filed the instant motion on **April 20, 2020**, at which point, nearly five years has passed.

Consequently, Movant is not entitled to statutory tolling of the limitations period.

### B. Section 2255(f)(2) and (3)

For purposes of timeliness, however, the inquiry is not at an end. Pursuant to § 2255(f)(2), the limitations period commences from the date on which the

7

impediment created by the government is removed if such impediment prevented Movant from timely filing the motion. Movant makes no such assertion; nonetheless, the government did not create any impediment that would have prevented Movant from timely filing his motion. Furthermore, Movant's claims do not implicate § 2255(f)(3).

### C. Section 2255(f)(4)

The only remaining issue is that of § 2254(f)(4). However, Movant provides no set of factual allegations which would supporting his claims that could not have been discovered through the exercise of due diligence. Accordingly, Movant's motion to vacate is time-barred unless he can otherwise demonstrate he is entitled to equitable tolling.

### D. Equitable Tolling

A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631 (2010) (citation and internal quotation marks omitted); *see also Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004) (characterizing the equitable tolling standard as a two-part test, stating that "equitable tolling is available only if a petitioner establishes both extraordinary circumstances and due diligence."

The extraordinary circumstances must be circumstances beyond the petitioner's control. *See Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). Furthermore, there must be a causal connection between the alleged extraordinary circumstances and the late filing of the petition. *See San Martin*, 633 F.3d at 1267. The diligence required for equitable tolling to be warranted is "reasonable diligence, not maximum feasible diligence." *Id.* (quotations omitted).

Movant presents no factual scenario to consider. [CV-ECF No. 1]. Still, "garden variety" claims of attorney negligence do not warrant equitable tolling. *Holland v. Florida*, 560 U.S. at 651-652. Here, there is no serious instance of attorney misconduct; and Movant provides no facts to support a finding that he is entitled to the rare and extraordinary remedy of equitable tolling. *See San Martin v. McNeil*, 633 F.3d 1257 (11th Cir. 2011). Because it cannot be maintained Movant was reasonably diligent in pursuing his rights, his motion is due to be DISMISSED as TIME BARRED.

## E.  *Fundamental Miscarriage of Justice*

To the extent Movant argues actual innocence. Courts have "equitable authority to invoke the miscarriage of justice exception to overcome expiration of the statute of limitations governing a first federal habeas petition." *McQuiggin v. Perkins*, 569 U.S. 383, 397 (2013). However, "[t]he miscarriage of justice exception . . . applies to a severely confined category: cases in which new evidence shows 'it

is more likely than not that no reasonable juror would have convicted [the movant].'" *Id.* at 394-95 (quoting *Schlup v. Delo*, 513 U.S. 298, 303 (1995)). This type of claim is commonly referred to as an "actual innocence" claim. *McQuiggin*, 569 U.S. at 392 (citation omitted); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998).

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Johnson v. Fla. Dep't Of Corr.*, 513 F.3d 1328, 1334 (11th Cir. 2008) (quoting *Bousley*, 523 U.S. at 623). "Actual innocence claims must also be supported 'with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.'" *Rich v. Dep't of Corr. State of Fla.*, 317 F. App'x 881, 882 (11th Cir. 2008) (*per curiam*) (quoting *Schlup*, 513 U.S. at 324).

Movant bears the burden to adequately allege actual innocence. *Schlup*, 513 U.S. at 327. Furthermore, Movant bears the overall burden of proof under § 2255. *Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017) (citing cases). Review of the Indictment reveals that the language of the statute is tracked within the indictment and the material elements of the offense are listed. The statute provides: "(g) It shall be unlawful for any person— (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or

foreign commerce." 18 U.S.C. § 922(g)(1). His indictment is nearly identical. [CV-ECF No. 10]. Movant admitted in his factual proffer that he possessed the Glock pistol and had prior felony narcotic convictions in Florida, which also qualified under the ACCA for the purposes of enhancing his sentence.  [CV-ECF No. 26]. This was affirmed on appeal *Smith*, 775 F. 3d at 1266. The Indictment properly alleged an offense against the United States because the statute remains valid.

No showing of actual innocence has been made here. To the contrary, on the record before the Court, Movant entered a knowing and voluntary guilty plea supported by a factual proffer. No fundamental miscarriage of justice will result by time barring this federal petition. Consequently, this § 2255 motion is NOT TIMELY and should be dismissed as TIME-BARRED.

## VI.    Evidentiary Hearing

Movant is also not entitled to an evidentiary hearing on the claims raised in this proceeding. Rule 8(a) of the Rules Governing Section 2255 Proceedings provides "[i]f the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Movant has the burden of establishing the need for an evidentiary hearing; and he would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. 28 U.S.C. § 2255(b); *Schriro v. Landrigan*, 550 U.S. 465, 473-75 (2007) (holding that

if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). "A petitioner is not entitled to an evidentiary hearing . . . when his claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." *Lynn v. United States*, 365 F. 3d 1225, 1239 (11th Cir. 2004) (quoting *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (internal citations omitted)).

## VII.    Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus had no absolute entitlement to appeal but must obtain a certificate of appealability (COA). *See* 28 U.S.C. § 2253 (c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the movant makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a movant's constitutional claims on the merits, the movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record as a whole, the Court should deny a certificate of appealability. Notwithstanding, if Movant does not agree, he may bring this argument to the attention of the District Court Judge in objections.

## VIII.    Recommendations

Based on the foregoing, it is recommended that the motion to vacate be DISMISSED as TIME-BARRED. It is also recommended that no certificate of appealability issue and that this case be closed.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the District Court Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985).

DONE AND ORDERED at Miami, Florida, this 18th day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:
     Travis Smith
     01492-104
     Jesup FCI
     Federal Correctional Institution
     Inmate Mail/Parcels
     2680 301 South

Jesup, GA 31599
PRO SE

Noticing 2255 U.S. Attorney
Email: usafls-2255@usdoj.gov